| | |
|---|---|
| JAY TRAVIS STALLINGS,<br>    Petitioner, | )<br>)<br>) |
| v. | )    **ORDER** |
| | ) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )<br>) |

This matter is before the court on the Government's Withdrawal [DE-32] of its Motion to Dismiss [DE-27] Jay Travis Stallings' pending Motion to Vacate, Set Aside or Correct his conviction and sentence [DE-23], pursuant to 28 U.S.C. § 2255. Stallings, through counsel, asserts one claim. He contends that he is not guilty of having been a felon in possession of a firearm under 18 U.S.C. § 922(g), in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*). Stallings entered a plea of guilty to that offense without a plea agreement on August 4, 2008, *see* [DE-13], and was sentenced on January 7, 2009, to a term of 63 months, followed by a three-year term of supervised release. *See* Judgment [DE-17].

In response to Stallings' § 2255 motion, the Government initially sought dismissal on grounds that his petition was procedurally barred, the motion was untimely under any subdivision of § 2255(f), that Stallings was not actually innocent, that equitable tolling does not excuse the untimeliness of the motion, and that Stallings' claims are barred by the waiver contained in his plea agreement.[1] However, in its Motion to Withdraw its Motion to Dismiss, the Government deliberately waives the statute of limitations defense in this case,

---

[1] Stallings did not plead guilty pursuant to a plea agreement, and he did not waive his right to collaterally attack his sentence or conviction.

acknowledging that Stallings's conviction and sentence should be vacated. *See* Withdrawal [DE-32], p. 4. The court accepts the Government's position and its suggested remedy.

A review of his prior criminal record, in light of the ruling in *Simmons* and the content of the Government's Withdrawal [DE-32], together with the record in this case convinces the court that Stallings in fact was and is "actually innocent" of the § 922(c) conviction. Because he was not a "felon" at the time of that alleged conduct under North Carolina law, as properly construed, an element of the § 922(g) offense was lacking.

In summary, the Government's Withdrawal [DE-32], and Stallings' § 2255 motion [DE-23] are ALLOWED. The judgment of conviction and sentence, entered on January 7, 2009, [DE-17], hereby is VACATED. Jay Travis Stallings is ORDERED to be released from federal custody, subject to pending detainers, if any.

SO ORDERED.

This, the 20th day of August, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge